HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Bruce S. Etterman, Esq.
Special Counsel for Plaintiff Benjamin A. Stanziale, Jr.,
 Chapter 7 Trustee for Roseanne Guizio
One Gateway Center
Newark, New Jersey 07102-5323
973.621.9020

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>ROSEANNE GUIZIO,<br><br>Debtor. | Civil Action No. 17-21831-SLM<br><br>Honorable Stacey L. Meisel |
| BENJAMIN A. STANZIALE, JR., CHAPTER 7 TRUSTEE FOR ROSEANNE GUIZIO,<br><br>Plaintiff,<br><br>vs.<br><br>ROSEANNE GUIZIO and LAWRENCE GUIZIO,<br><br>Defendant. | Adv. Pro. No.<br><br>Honorable Stacey L. Meisel |

**COMPLAINT**

Benjamin A. Stanziale, Jr., in his capacity as Chapter 7 Trustee for Roseanne Guizio ("Trustee") by and through his attorneys, hereby says as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

2. The Court has personal jurisdiction over Defendants (as defined below) pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(H).

4. Venue is proper in the Court pursuant to 28 U.S.C. §1409(a) because this is a proceeding relating to and arising under title 11 of the United States Code, 11 U.S.C. §§101-1532 (as amended the, "Bankruptcy Code" or "Code") and the above-entitled Chapter 7 case.

5. This action is brought as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## PARTIES

6. On June 8, 2017, Roseanne Guizio ("Debtor") filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the case pending and docketed in the Bankruptcy Court as Case No. 17-21831-SLM. The Trustee is the duly qualified and acting Chapter 7 Trustee for the Debtor.

7. Defendant Lawrence Guizio ("Lawrence") is the husband of the Debtor and was Debtor's husband at all times relevant hereto.

## FACTS

8. In 2012, Debtor owned real property located at 11 Fairview Avenue, Washington Township, New Jersey (the "Fairview Property"), which Debtor still owns today. The Debtor was also a co-obligor on a Note (the "Note") secured by a mortgage on the Fairview Property (the "Mortgage").

9. The lender on the Mortgage has asserted that the Note has been in default since 2010. In June 2012, the then holder of the Note sent a Notice of Intention to

2

Foreclose ("Notice") to the Debtor. In July 2015, the then holder of the Note filed a foreclosure complaint with respect to the Mortgage.

10. Debtor testified in her 11 U.S.C. §341(a) Meeting of Creditors that she had sought to sell the Fairview Property in a "short sale," but was unable to do so.

11. In 2002, Debtor had purchased in her sole name real property located at 456 Key Largo Court, Chadwick Beach, Township of Toms River, New Jersey ("Key Largo Property") for $375,000.

12. During the period that the Note was in default, after receiving the Notice and just before a foreclosure action was filed on the Fairview Property, on April 10, 2015, the Debtor transferred to her husband for the alleged nominal consideration of "less than $100.00" her entire interest in the Key Largo Property (the "Transfer").

13. The 30-year mortgage on the Key Largo Property obtained by the Debtor at or about the time of the purchase in 2002, which was in the original principal amount of $300,000, was discharged in or about June of 2016. The Key Largo Property is currently unencumbered by any mortgage lien.

14. The Key Largo Property was not the principal residence of Debtor or her husband, and, in fact, the above-described mortgage on that residence located at the New Jersey shore contains a "Second Home Rider."

15. Debtor's July 17, 2017 Petition states that Debtor has $3,200 in assets and $17,323.17 in debts, placing a net value of $0 on the Fairview Property.

## FIRST COUNT

### (Fraudulent Transfer Pursuant to 11 U.S.C. §§544 and 550 and N.J.S.A. 25:2-25(a))

16. The Trustee repeats and realleges the allegations contained in the previous paragraphs of the Complaint as though set forth at length herein.

17. The Transfer was made with actual intent to hinder, delay or defraud the Debtor's creditors.

18. The Transfer was to an insider.

19. Upon information and belief, Debtor retained possession and control of the Key Largo Property after the transfer.

20. Upon information and belief, Debtor did not reveal the transfer to her creditors, particularly as revealing same to the mortgage lender on the Key Largo Property could have resulted in acceleration of the mortgage loan.

21. At the time of the Transfer, Debtor had been notified of an intention to bring suit to foreclose on the Fairview Property, which suit was filed shortly after the Transfer.

22. The Transfer was made without Debtor receiving any valuable consideration.

23. At or about the time of the Transfer, Debtor was or became insolvent, and/or, upon information and belief, the Key Largo Property was Debtor's only substantial asset.

WHEREFORE, in accordance with 11 U.S.C. §§544 and 550, and N.J.S.A. 25:2-25(a), the Trustee demands judgment again defendants for the following:

A. Avoiding the Transfer in its entirety and recovering the Key Largo Property for the benefit of the estate;

B. For damages against the defendants for the value of the Transfer;

C. For interest and costs of suit;

D. For such other relief as the Court deems just and proper.

4

## SECOND COUNT

### (Fraudulent Transfers Pursuant to
### 11 U.S.C. §§544 and 550 and N.J.S.A. 25:2-25(b))

24. The Trustee repeats and realleges the allegations contained in the previous paragraphs of the Complaint as though set forth at length herein.

25. Debtor did not receive reasonably equivalent value in exchange for the Transfer.

26. At the time of the Transfer, Debtor believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due.

WHEREFORE, in accordance with 11 U.S.C. §§544 and 550, and N.J.S.A. 25:2-25(b), the Trustee demands judgment again defendants for the following:

    A. Avoiding the Transfer in its entirety and recovering the Key Largo Property for the benefit of the estate;

    B. For damages against the defendants for the value of the Transfer;

    C. For interest and costs of suit;

    D. For such other relief as the Court deems just and proper.

## THIRD COUNT

### (Fraudulent Transfers Pursuant to
### 11 U.S.C. §§544 and 550 and N.J.S.A. 25:2-27(a))

27. The Trustee repeats and realleges the allegations contained in the previous paragraphs of the Complaint as though set forth at length herein.

28. Debtor did not receive reasonably equivalent value in exchange for the Transfer.

29. Upon information and belief, Debtor was insolvent at the time of the transfer or became insolvent as a result of the Transfer.

WHEREFORE, in accordance with 11 U.S.C. §§544 and 550, and N.J.S.A. 25:2-27(a), the Trustee demands judgment again defendants for the following:

A. Avoiding the Transfer in its entirety and recovering the Key Largo Property for the benefit of the estate;

B. For damages against the defendants for the value of the Transfer;

C. For interest and costs of suit;

D. For such other relief as the Court deems just and proper.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Benjamin A. Stanziale, Jr.,
  Chapter 7 Trustee.

By:  /s/ Bruce S. Etterman
BRUCE S. ETTERMAN
A Member of the Firm

Dated: May 3, 2018

181185